Haywood, J.
delivered the opinion of himself and of Judge Whyte, Judge Peck being absent, and Brown not sitting in the cause, having formerly been concerned as counsel on one side.
The defendant undertook for hire to carry the produce of divers persons in boats from Nashville to New Orleans, there to dispose of the same, and to pay the proceeds to the owners. Amongst others for whom he under-, took was Craig, the plaintiff, from whom he received into his boat 10,000 pounds of tobacco; in crossing a current below Nashville, which sets in from an island to the right shore, the boat was carried to the shore by the current, and was stove. Much evidence was given on both sides, and the Court charged the jury that this being a contract advantageous to both parties, the defendant, Childress, was bound to use ordinary or reasonable diligence, or that degree of care which most prudent men take of their property, and that, under the circumstances of this case the defendant was bound to apply that degree of skill which was necessary for the ■safe transportation of the tobacco, guarding against all accidents with reasonable care and diligence; and was hound to take care of the tobacco as well after it was taken from the wreck and landed as whilst it was on board. There was a verdict and judgment for the plaintiff in the Circuit Court, and an appeal in the nature of a writ of error to this Court.
And first, as to the charge of the Court, the defendant cannot complain, for it was more in his favor than it ought to have been. One who undertakes for a reward to convey produce or goods of any sort from one place upon the river to another becomes thereby liable as a common carrier; having to transact the business intrusted to his care at places distant from the residence of the plaintiff, it is always difficult, and frequently impossible, for the plaintiff to obtain the evidence necessary to fix fraud or negligence on the defendant; and to supersede this difficulty the law throws the burden of proof upon the defendant to exempt himself from the plain *217 tiff’s action, and makes him liable for all accidents but those which are occasioned by the act of God or of a public enemy. He must know and avoid dangerous parts of the navigation, such as currents, rocks, sawyers long fixed, whirlpools, &e., and should possess the knowledge which is necessary to avoid the dangers which they threaten. Certain events may be specially provided against in the contract, and then the carrier will not be liable for them; but he will be liable for all others not specified in the contract, or included in the exceptions which the law makes, as before stated. Here the loss is occasioned from not being well acquainted with this current and with the manner of navigating there, so as to evade the dangers to be apprehended from it. Nor was he provided with a skilful pilot, nor with boatmen sufficiently acquainted with the navigation of the river; nor, after the accident happened, did he take sufficient care to preserve such parts of the cargo as by careful management might have been preserved.